IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY FAILS, #201484,
    Plaintiff,

vs.                              Case No. 3:09cv7/LAC/EMT

PAUL McCOLLUM, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 10).

    Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Questions A and B of Section IV of the complaint form ask whether Plaintiff has initiated other actions in state or federal court dealing with the same or similar facts or issues involved in this action (Doc. 1 at 3). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "Yes" and then listed <u>Fails v. Escambia County Jail, et al.</u>, Case No. 3:08cv415/RV/EMT and <u>Fails v. McCollum, et al.</u>, Case No. 4:08cv471/MMP/WCS (*id.*). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force

or some other wrong)?" (*id.* at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "Yes" and then listed <u>Fails v. Sheriff's Department, et al.</u>, Case No. 3:08cv520/MCR/MD (*id.*). Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "Yes" and then listed <u>Fails v. DOC Headquarters, et al.</u>, Case No. 3:08cv522/WS/EMT (*id.*). Thus, Plaintiff has in effect stated that besides the instant lawsuit, he has initiated only four other lawsuits in federal court that deal with the same or similar facts or issues involved in this action, or that relate to the fact or manner of his incarceration or the conditions of his confinement. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 7).

Upon review of the docket, this court takes judicial notice that as of the date Plaintiff filed the original complaint in the instant case, December 22, 2008, he had previously filed <u>Fails v. Harise</u>, Case No. 3:08cv535/MCR/MD and <u>Fails v. Spivey</u>, Case No. 4:08cv537/SPM/WCS in this District Court.[1] Each of the cases dealt with the fact or manner of Plaintiff's incarceration.[2] Plaintiff did not list either of these cases in Section IV of his complaint (*see* Doc. 1 at 4–5), even though the cases qualified as federal court actions that related to the fact or manner of his incarceration.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection

---

[1]According to the docket, the inmate number of the plaintiffs in Case Nos. 3:08cv535/MCR/MD and 4:08cv537/SPM/WCS is the same as Plaintiff's.

[2]In Case No. 3:08cv535/MCR/MD, Plaintiff claimed that the public defender who represented him in the criminal proceeding which led to his current incarceration violated his Sixth, Eighth, and Fourteenth Amendment rights by breaching her duty of confidentiality. *Id.*, Doc. 1, Complaint. In Case No. 4:08cv537/SPM/WCS, Plaintiff claimed that the public defender who represented him on direct appeal of the criminal conviction which led to his current incarceration violated his Sixth, Eighth, and Fourteenth Amendment rights by advising him to voluntarily dismiss his appeal. *Id.*, Doc. 1, Complaint.

Case No. 3:09cv7/LAC/EMT

with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 12th day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Case No. 3:09cv7/LAC/EMT

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**